MEMPHIS PUBLISHING COMPANY, et al., Plaintiffs,

v.

FEDERAL BUREAU OF INVESTIGATION, Defendant.

Civil Action No. 10–1878 (ABJ)

United States District Court, District of Columbia.

Signed April 4, 2012

---

Charles D. Tobin, Christine N. Walz, Drew E. Shenkman, Holland & Knight LLP, Washington, DC, for Plaintiffs.

Elizabeth J. Shapiro, Lesley R. Farby, Nathan Michael Swinton, U.S. Department of Justice, Washington, DC, Wendy Michelle Doty, Libertyville, IL, for Defendant.

## MEMORANDUM OPINION AND ORDER

AMY BERMAN JACKSON, United States District Judge

Pursuant to Fed. R. Civ. P. 54(b), 59(e) and 60(b), defendant FBI has moved the Court for reconsideration of its January 31, 2012 decision and order ("Mem. Op.") [Dkt. # 30] granting plaintiff's motion to compel a Vaughn Index. Rule 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties ... may be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Rule 59(e) permits a party to move to "alter or amend a judgment ... no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Rule 60(b) permits a district court to "relieve a party or its legal representative from a final judgment, order, or proceeding" on one of six enumerated grounds. Fed. R. Civ. P. 60(b).

Defendant's own memorandum points out that motions under Rules 59(e) and 60(b) are "not routinely granted"; according to the FBI, "[t]he primary reasons for altering or amending a judgment pursuant to Rule 59(e) or Rule 60(b) are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Def.'s Mot. for Reconsid. [Dkt.

# 32] at 3; *see also Firestone v. Firestone,* 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam). While the agency maintains that the "as justice requires" standard accords the Court more latitude under Rule 54(b), it also acknowledges: " 'As justice requires' indicates concrete considerations of whether the court 'has patently misunderstood a party, has made a decision outside the adversarial issues presented to the [c]ourt by the parties, has made an error not of reasoning, but of apprehension, or where a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the court." *Id.,* quoting *Cobell v. Norton,* 224 F.R.D. 266, 272 (D.D.C. 2004).

Defendant makes the conclusory assertion that "[u]nder any of these standards, reconsideration is warranted here." *Id.* at 4. But the FBI's motion does not point to any specific grounds that would support the conclusion that any of the circumstances described above actually pertain in this case, and the Court finds that they do not.

As the sole support for its motion, the FBI has submitted an *ex parte* "submission detailing the circumstances of the previous disclosure" for the Court's review. *Id.* at 1. It explains:

> Although the Court based its decision in large part on its conclusion that the FBI's claim of inadvertence was unfounded, it did so without the benefit of the information the FBI sought to provide to the Court regarding the circumstances of the previous releases of information to Plaintiffs. Accordingly, the FBI is submitting to the Court's chambers an *ex parte, in camera* declaration and respectfully asks the Court to reconsider its decision in light of this information.

*Id.*

The Court will deny the motion for reconsideration for several reasons. First of all, the primary basis for the Court's ruling was its determination that the agency's own official dissemination of the materials revealing Mr. Withers' confidential informant status as part of a FOIA response constituted "official confirmation" that would make the (c)(2) exclusion unavailable. *See* Mem. Op. at 16–19. It is true that the Court went on to consider the FBI's claim that the disclosure could not bind the agency since it was inadvertent, and that it characterized the claim of inadvertence to be "a day late and a dollar short." *Id.* at 20. But the Court did not base its decision on a conclusion that the FBI's claim of inadvertence was "unfounded." It based its decision on its conclusion that the FBI's disclosure of Mr. Withers's status—whether initially inadvertent or not—was *compounded. See, e.g., id.* at 21 ("After the documents were released, neither the Department of Justice nor the FBI took any of the remedial steps that ordinarily follow an inadvertent disclosure . . . Not only did the FBI fail to take any steps to retrieve the documents, it produced them a second time as attachments to a publicly filed motion for summary judgment."). The Court then stated, "[i]n sum, the case does not give rise to concerns that the Court is equating 'official confirmation' to a mistake," *id.* at 21, and it went on to recite a number of other circumstances that supported its conclusion. *Id.*

Second, the *ex parte* declaration says very little that is new. Without revealing the particular substance of the sealed material, the Court notes that the declaration: (1) repeats reasons set forth in the public pleadings in this case for why, if it did so, it would have been appropriate for the agency to decide to neither process the requested files nor acknowledge their existence under the exclusion set forth in 5 U.S.C. § 552(c)(2); (2) responds, as stated in the publicly filed motion for reconsideration, to a perceived need to demonstrate

that the initial disclosures were in fact inadvertent; and (3) addresses steps taken or not taken after the documents in question were transmitted as part of the initial FOIA response. The declaration also addresses issues related to the timetable set forth in the Court's order.

The Court will assume for purposes of this ruling that the initial disclosures were the result of human error on the part of one or more of the trained FBI professionals responsible for the processing of the FOIA request in this case and/or any reviewing supervisor or supervisors. However, after that point, nothing was inadvertent, as the submission details what the FBI "determined" or "decided" what it would or would not do at each successive step. In the Court's view, the notion that the disclosures can only be explained as human error does not alter the fact that the revelations, even if unplanned, were made in the course of official FOIA process conducted by the FBI. More important, any inadvertence at the outset must be viewed in combination with the many subsequent deliberate decisions that repeated the confirmation of Mr. Withers' status: the decision not to seek the return of the material, the decision to affix the material to a summary judgment motion filed on the public docket and then a second pleading filed on the public docket, and the decision to expressly rely upon the (c)(2) exclusion in a public pleading rather than bringing the matter to the Court's attention in the manner recommended in the agency's own guidelines for the treatment of such confidential issues. In sum, instead of undermining the Court's opinion that there has been official confirmation in this case, the declaration reinforced it.

The Court notes that there has been no allegation that its ruling could subject any living person to any danger of physical harm. Concerns that official acknowledgement of a source's confidential informant status could generally subject such a person to harm or humiliation are inapplicable in the case of an individual who is deceased, and neither the potential impact upon Mr. Withers' legacy nor any embarrassment that may be experienced by his family members is material to the question of whether or not his status has been officially confirmed.

For all of the reasons set forth above, defendant's motion for reconsideration is hereby DENIED. Compliance with the Court's order of January 31, 2012 remains stayed until the Court has ruled on the motion for stay pending appeal.